**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

COUGAR SPORT, INC.,

                      Plaintiff,

       v.

adidas AMERICA, INC., and adidas AG,

                 Defendants.

Civil Action No. 1:15-CV-07676-JSR

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS, OR, IN THE ALTERNATIVE, STAY THIS ACTION

## TABLE OF CONTENTS

I.  INTRODUCTION AND STATEMENT OF RELEVANT FACTS ...................................1

II. THE NEW YORK ACTION SHOULD BE DISMISSED OR STAYED
    BECAUSE IT IS AN IMPROPER ANTICIPATORY FILING..........................................3

    A.  Cougar Sport's New York Action Is An Improper Anticipatory
        Action ...............................................................................................................5

    B.  The New York and Oregon Actions Mirror One Another.................................8

    C.  The Oregon Action Seeks Coercive Relief And Is Ahead Of
        This Action .......................................................................................................9

    D.  Cougar Sport's July 28, 2015 Letter In No Way Justifies Its
        Filing Of The New York Action......................................................................11

    E.  Cougar Sport Should Not Be Rewarded For Its Bad Faith Forum
        Shopping .........................................................................................................11

    F.  The District Of Oregon Is The More Convenient Forum, And
        Cougar Sport Will Not Be Prejudiced By Proceeding There ..........................13

III. CONCLUSION....................................................................................................14

# TABLE OF AUTHORITIES

## Cases

*adidas America, Inc. and adidas AG v. Cougar Sport, Inc.*,
Civil Action No. 15-cv-01856 ................................................................ 2

*AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*,
740 F. Supp. 2d 465 (S.D.N.Y. 2010) ................................................... 6

*Alaris Med. Sys., Inc. v. Filtertek Inc.*,
No. 00-CV-2404-L, 2001 WL 34053241 (S.D. Cal. Dec. 20, 2001)........................ 6

*Alltrade, Inc. v. Uniweld Products, Inc.*,
946 F.2d 622 (9th Cir. 1991) ................................................................ 4

*Amerada Petroleum Corp. v. Marshall*,
381 F.2d 661 (5th Cir. 1967) ................................................................ 5

*BASF Corp. v. Symington*,
50 F.3d 555 (8th Cir. 1995) ................................................................ 4

*Byrd v. Parsons*,
289 F.3d 865 (6th Cir. 2002) ................................................................ 14

*Cephalon, Inc. v. Travelers Companies, Inc.*,
935 F. Supp. 2d 609 (S.D.N.Y. 2013) ................................................. 5, 6, 7

*CGI Solutions LLC v. Sailtime Licensing Grp., LLC*,
No. 05 Civ. 4120, 2005 WL 3097533 (S.D.N.Y. Nov. 17, 2005) ........................ 6, 7

*Chicago Ins. Co. v. Holzer*,
No. 00-cv-1062, 2000 WL 777907 (S.D.N.Y. June 16, 2000) ................................ 6

*Columbia Pictures Indus., Inc. v. Schneider*,
435 F. Supp. 742 (S.D.N.Y. 1977)
*aff'd*, 573 F.2d 1288 (2d Cir. 1978)................................................. 3, 4, 12, 13

*Companion Life Ins. Co. v. Matthews*,
547 F. Supp. 836 (S.D.N.Y. 1982) ................................................................ 4

*Elbex Video, Ltd. v. Tecton*, Ltd.,
No. 00-cv-0673, 2000 WL 1708189 (S.D.N.Y. Nov. 15, 2000) ........................... 11

*Eveready Battery Co. v. Zinc Prods. Co.*,
21 F. Supp. 2d 1060 (E.D. Mo. 1998) ................................................... 11

*Factors Etc., Inc. v. Pro Arts, Inc.*,
    579 F.2d 215 (2d Cir. 1978) ........................................................................ 4, 5, 7

*Great Am. Ins. Co. v. Houston Gen. Ins. Co.*,
    735 F. Supp. 581 (S.D.N.Y. 1990) ..................................................................... 10

*Hanes Corp. v. Millard*,
    531 F.2d 585 (D.C. Cir. 1976) ........................................................................ 3, 9

*Hartford Acc. & Indem. Co. v. Hop-On Int'l Corp.*,
    568 F. Supp. 1569 (S.D.N.Y. 1983) ................................................................ 4, 13

*Mission Ins. Co. v. Puritan Fashions Corp.*,
    706 F.2d 599 (5th Cir. 1983) ............................................................................... 5

*Mondo, Inc. v. Spitz*,
    No. 97-cv-4822, 1998 WL 17744 (S.D.N.Y. Jan. 16, 1998) .................................... 6

*Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*,
    103 S.Ct. 927 (1983) ........................................................................................... 9

*Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.*,
    892 F.2d 1066 (D.C. Cir. 1990) ........................................................................... 3

*Perez v. Ledesma*,
    401 U.S. 82 (1971) ............................................................................................... 4

*Phillip J. Pertuit & Midnight Diversified, Ltd. v. Youthspan, Inc.*,
    Nos. 02-1188, 02-3443, 2003 WL 356021 (E.D. La. Feb. 13, 2003) ........................ 4

*Pippins v. KPMG LLP*,
    No. 11-cv-377, 2011 WL 1143010 (S.D.N.Y. Mar. 21, 2011) ................................. 9

*Pirone v. MacMillan, Inc.*,
    894 F.2d 579 (2d Cir. 1990) ................................................................................. 4

*Public Serv. Comm'n of Utah v. Wycoff Co., Inc.*,
    344 U.S. 237, 73 S. Ct. 236 (1952) ....................................................................... 4

*Reliance Ins. Co. v. Bend'n Stretch, Inc.*,
    935 F. Supp. 476 (S.D.N.Y. 1996) ..................................................................... 10

*Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
    626 F.3d 973 (7th Cir. 2010) ............................................................................. 10

*Riviera Trading Corp. v. Oakley, Inc.*,
    944 F. Supp. 1150 (S.D.N.Y. 1996) ................................................................... 13

*Schwarz v. Nat'l Van Lines, Inc.*,
  317 F. Supp. 2d 829 (N.D. Ill. 2004) ........................................................................ 9

*Schwendiman Partners, LLC v. Hurt*,
  71 F. Supp. 2d 983 (D. Neb. 1999) ........................................................................ 11

*Shell Oil Co. v. Frusetta*,
  290 F.2d 689 (9th Cir. 1961) .................................................................................... 4

*Tempco Electric Heater Corp. v. Omega Eng'g, Inc.*,
  819 F.2d 746 (7th Cir. 1987) .................................................................................. 10

*Trippe Manufacturing Co. v. Am. Power Conversion Corp.*,
  46 F.3d 624 (7th Cir. 1995) .................................................................................... 10

*Universal Gypsum of Georgia, Inc. v. Am. Cyanamid Co.*,
  390 F. Supp. 824 (S.D.N.Y. 1975) ............................................................................ 4

*Ven-Fuel, Inc. v. Dept. of the Treasury*,
  673 F.2d 1194 (11th Cir. 1982) ................................................................................ 5

*Washington Shoe Co. v. A-Z Sporting Goods Inc.*,
  704 F.3d 668 (9th Cir. 2012) .................................................................................. 14

*William Gluckin & Co. v. Int'l Playtex Corp.*,
  407 F.2d 177 (2d Cir. 1969) .................................................................................... 14

*Xoxide, Inc. v. Ford Motor Co.*,
  448 F. Supp. 2d 1188 (C.D. Cal. 2006) .................................................................... 8

## **Statutes**

28 U.S.C. § 1404(a) .................................................................................................... 5

## **Rules**

Wright & Miller, "Effect of Another Adequate Remedy,"
  10B *Fed. Prac. & Proc.* § 2758 (3d ed.) .................................................................. 9

Wright, Miller & Kane, 10B *Fed. Prac. & Proc.: Civil* 3d § 2751 ............................. 10

Defendants adidas America, Inc. and adidas AG (collectively, "adidas") submit this Memorandum of Law in Support of their Motion to Dismiss, or, in the Alternative, Stay this Action filed by Cougar Sport, Inc. ("Cougar Sport").

## I.   INTRODUCTION AND STATEMENT OF RELEVANT FACTS

Cougar Sport filed this anticipatory declaratory judgment action (the "New York Action") in an obvious and bad faith attempt to select its preferred forum despite its undeniable knowledge that adidas would file suit in the District of Oregon in a matter of days.  *Seven days* before it filed this action, Cougar Sport received a cease and desist letter from adidas on September 22, 2015.  *See* Declaration of Charles H. Hooker III (filed contemporaneously with this motion) ¶ 3, Ex. A.  adidas's letter identified the apparel at issue in this action, demanded that Cougar Sport cease selling it, and *enclosed a draft Complaint to be filed in the United States District Court for the District of Oregon*.  *Id.* adidas's letter expressly stated: "If we do not receive a satisfactory response within *ten (10) days* of your receipt of this letter, we will take *immediate* action to protect the rights of adidas, including filing the enclosed lawsuit against Cougar Sport in federal court."  *Id.* (emphasis added).[1]

adidas voluntarily refrained from initiating suit in its home jurisdiction, Oregon,[2] pending a response from Cougar Sport on or before October 2, 2015 (*i.e.*, ten days after Cougar Sport received adidas's letter on September 22, 2015).[3]  *Id.* ¶ 8.  Having not received a response from

---

[1]   The history, nature, and strength of adidas's trademark rights in its famous Three-Stripe Mark and its enforcement of these rights are described in the Declaration of Sara M. Vanderhoff, which has been filed concurrently with this motion.  *See* Vanderhoff Decl. ¶¶ 3 - 18.

[2]   adidas America, Inc. is headquartered in Portland, Oregon.  *See* Vanderhoff Decl. ¶ 21.

[3]   During a call with the Court, Cougar Sport maintained that a July 28, 2015 letter that Cougar Sport's president sent to an adidas employee changes the anticipatory nature of the present lawsuit.  *See* Hooker Decl., Ex. I.  It is plain, however, that the July 28, 2015 letter did not involve counsel, never mentions much less threatens litigation, and never even states that the

Cougar Sport, around noon on September 29, 2015, counsel for adidas sent an email to follow up on the status of adidas's demands.  *Id.* ¶ 9, Ex. D.  Rather than respond to that email, Cougar Sport filed this action that same day—only seven days after it received adidas's letter.  *See* ECF No. 1.

As the real plaintiff in interest, adidas filed its trademark infringement action against Cougar Sport in the District of Oregon the following day on September 30, 2015, captioned *adidas America, Inc. and adidas AG v. Cougar Sport, Inc.*, Civil Action No. 15-cv-01856 ("the Oregon Action"), accusing Cougar of infringing adidas's famous Three-Stripe Mark.  *See* Hooker Decl. ¶ 11, Ex. F.  On October 1, 2015, adidas served Cougar Sport with the Oregon Action, four days before adidas was served with the New York Action on October 5, 2015.[4]  *Id.*, ¶ 12, Ex. G.  Additionally, after the parties' conferred by telephone on October 2, 2015, adidas filed a Motion to Enjoin Cougar Sport from pursuing the New York Action in the District of Oregon on October 6, 2015.  That motion presently is pending before Judge Simon in the Oregon Action.  *Id.* ¶ 13, Ex. H.

The Oregon and New York Actions are mirror images of one another.  adidas alleges in the Oregon Action, *inter alia*, that Cougar Sport has infringed and diluted adidas's Three-Stripe Mark, while Cougar Sport alleges in the New York Action that it is not liable for infringing adidas's Three-Stripe Mark.  *Compare* the New York Action  ¶¶ 14-16 *with* the Oregon Action

---

parties have a dispute.  In other words, the face of the letter makes it clear that, but for adidas's September 22, 2015 demand letter attaching a District of Oregon complaint, Cougar Sport would not have filed the New York Action.

[4]   Included in the dismissal or stay that adidas seeks is a request to stay adidas's time for filing an answer or pleading responsive to Cougar Sport's complaint in this action.

(Hooker Decl. Ex. F) ¶¶ 38 - 60. The trademarks and apparel at issue in the respective actions are the same, and the ultimate determinations of whether Cougar Sport is liable are the same.[5]

As shown in greater detail below, Cougar Sport's New York Action is not entitled to deference as a first-filed action because it is an anticipatory filing. The notice to Cougar Sport could not have been clearer that adidas would file suit within ten days if the parties could not reach an agreement. adidas even enclosed the complaint it would file—and ultimately did file—in the District of Oregon. Accordingly, the New York Action is a quintessential anticipatory filing, intended to deprive the natural plaintiff of its preferred forum. For this reason, the Court should dismiss this action or, in the alternative, stay it pending the resolution of the Oregon Action.

## II. THE NEW YORK ACTION SHOULD BE DISMISSED OR STAYED BECAUSE IT IS AN IMPROPER ANTICIPATORY FILING

While the first-to-file rule provides a general presumption that an earlier-filed action takes priority over a later-filed action, that rule "is not to be applied in a rigid or mechanical way." *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 747-48 (S.D.N.Y. 1977) *aff'd*, 573 F.2d 1288 (2d Cir. 1978) (internal quotation marks and citation omitted). Indeed, a

---

[5]  Cougar Sport may contend that its sole cause of action is laches and, therefore, that the New York and Oregon Actions somehow are different. But the laches defense obviously could be asserted in the Oregon Action, and its determination is inextricably wound up in the determinations of whether Cougar Sport is liable for the causes of action adidas asserts in the Oregon Action. Moreover, "[t]he anticipation of defenses is not ordinarily a proper use of the declaratory judgment procedure . . . . [because i]t deprives the plaintiff of his traditional choice of forum and timing, and it provokes a disorderly race to the courthouse." *Hanes Corp. v. Millard*, 531 F.2d 585, 592-93 (D.C. Cir. 1976), *overruled on other grounds* by *Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.*, 892 F.2d 1066, 1072 (D.C. Cir. 1990). Finally, it is worth noting that Cougar Sport's laches defense will fail because adidas has been using its Three-Stripe Mark in the United States on footwear since at least as early as 1952 and on apparel since at least as early as 1967; and, irrespective of how long Cougar Sport claims to have used it "2-stripe/2-pipe" mark, adidas only recently learned of Cougar Sport's infringing mark, apparel, and designs. *See* Vanderhoff Decl. ¶ 4.

"'federal declaratory judgment is not a prize to the winner of a race to the courthouses.'"

*Hartford Acc. & Indem. Co. v. Hop-On Int'l Corp.*, 568 F. Supp. 1569, 1573 (S.D.N.Y. 1983)

(quoting Justice Brennan in *Perez v. Ledesma*, 401 U.S. 82, 119 n.12 (1971)).

Rather, courts in this Circuit (and every other Circuit) repeatedly have recognized critical

exceptions, under which a District Court may exercise its discretion[6] to dismiss, stay, or transfer

a first-filed action.  *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978) (holding

the "district court did not abuse its discretion by allowing the later filed action to proceed"

where "Pro Arts' suit for declaratory judgment was filed in apparent anticipation of Factors'

New York suit"), *overruled on other grounds* by *Pirone v. MacMillan, Inc.*, 894 F.2d 579, 585–

86 (2d Cir. 1990); *Companion Life Ins. Co. v. Matthews*, 547 F. Supp. 836, 840 (S.D.N.Y. 1982)

(The "authority to stay the instant action is clearly a matter within the Court's discretion");

*Columbia Pictures*, 435 F. Supp. at 747-48 (staying first-filed action in Southern District of New

York to allow later-filed California action to proceed); *Universal Gypsum of Georgia, Inc. v. Am.

Cyanamid Co.*, 390 F. Supp. 824, 826 (S.D.N.Y. 1975) (exercising discretion to stay).[7]

---

[6]   It is well established that a District Court's jurisdiction over a declaratory judgment action is
discretionary.  *See Public Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 241, 73 S.
Ct. 236 (1952) (holding that the Declaratory Judgment Act is an "enabling Act, which
confers a discretion on the courts rather than an absolute right upon the litigant").
Consequently, even if the Court has subject-matter jurisdiction to enter a declaratory
judgment, it may exercise its discretion and decline to grant such relief where, as here, it
would ill-serve the purposes underlying the creation of declaratory relief.  *Shell Oil Co. v.
Frusetta*, 290 F.2d 689, 692 (9th Cir. 1961).  This is true because the plaintiff in a pure
declaratory judgment action is generally not the true plaintiff.  *See Phillip J. Pertuit &
Midnight Diversified, Ltd. v. Youthspan, Inc.*, Nos. 02-1188, 02-3443, 2003 WL 356021, at
*3 (E.D. La. Feb. 13, 2003) ("In this case, . . . the plaintiffs seek a declaration of rights under
the Declaratory Judgment Act and do not assert any affirmative claims.  Therefore, they are
not true plaintiffs.").

[7]   *See also BASF Corp. v. Symington*, 50 F.3d 555, 558 (8th Cir. 1995) ("A [first-filed] suit for
declaratory judgment aimed solely at wresting the choice of forum from the natural plaintiff
will normally be dismissed"; vacating declaratory judgment and remanding with instructions
to dismiss); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)

The Second Circuit specifically has recognized two exceptions to the first-filed rule: (1) where "special circumstances" exist; *or* (2) where the convenience factors under 28 U.S.C. § 1404(a) favor the second-filed action. *Factors Etc.*, 579 F.2d at 218 (noting the defendants "did not even urge the convenience of witnesses and parties below as a ground for § 1404(a) transfer"). "Special circumstances" include "when a first-filed lawsuit is an improper anticipatory declaratory judgment action." *Cephalon, Inc. v. Travelers Companies, Inc.*, 935 F. Supp. 2d 609, 613 (S.D.N.Y. 2013) (internal quotation mark omitted).

This case is a hornbook example of an improper anticipatory action, which constitutes a stand-alone reason to dismiss or stay it.[8]  Additionally, the Court should dismiss or stay this action because:  (i) the New York and Oregon Actions mirror one another; (ii) the Oregon Action is the only action seeking coercive relief; (iii) Cougar Sport cannot justify its anticipatory filing; (iv) principles of judicial economy and public policy favor the Oregon Action; and (v) Oregon is the more convenient forum in which to proceed.

### A.    Cougar Sport's New York Action Is An Improper Anticipatory Action

"Anticipatory suits are disfavored because they are aspects of forum-shopping." *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983).  An anticipatory filing occurs "when a party sends a notice-of-suit letter to its opponent, and the opponent thereby files a declaratory judgment action." *AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F.

---

(staying first-filed action); *Ven-Fuel, Inc. v. Dept. of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (holding District Court properly declined to entertain first-filed declaratory judgment action where it "was filed in apparent anticipation" of the second action); *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967) (staying first-filed suit in favor of second-filed action because first-filed suit was "triggered" by demand letter).

[8]   The classic nature of this anticipatory filing further means the Court need not reach "convenience of the parties" factors.  *See id.*  Such factors, and others, favor adidas; but they are assessed below merely as additional reasons why the Court should dismiss or stay this case.

Supp. 2d 465, 470 (S.D.N.Y. 2010) (quoting *CGI Solutions LLC v. Sailtime Licensing Grp., LLC*, No. 05 Civ. 4120, 2005 WL 3097533, at *3 (S.D.N.Y. Nov. 17, 2005)); *see also Alaris Med. Sys., Inc. v. Filtertek Inc.*, No. 00-CV-2404-L, 2001 WL 34053241, at *2 (S.D. Cal. Dec. 20, 2001) ("A suit is 'anticipatory' for purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit [up]on receipt of specific, concrete indications that a suit by the defendant was imminent.").

"In the Second Circuit, a suit is improperly anticipatory if it was filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action." *Cephalon*, 935 F. Supp. 2d at 613 (internal quotation marks and citation omitted); *see also AFA*, 740 F. Supp. 2d at 470 ("A gauge for measuring the effect of a notice-of-suit letter is how clearly the party sending the letter demonstrates its intention and resolve to file suit.").

Indeed, "[c]ourts in this district have thus routinely dismissed declaratory actions that were prompted by receipt of a notice letter." *Cephalon*, 935 F. Supp. 2d at 614. *See also CGI Solutions, LLC v. Sailtime Licensing Grp., LLC*, No. 05-cv-4120, 2005 WL 3097533, at *3 - 4 (S.D.N.Y. Nov. 17, 2005) (although notice letter "did not outright announce that it would be filing suit by a particular date," a notice letter stating that the party "may file a lawsuit seeking injunctive relief and civil damages for breach of contract, conversion, theft of trade secrets, copyright infringement, unfair competition or other causes of action" sufficiently "intimated its resolve to bring a lawsuit" and "sufficiently notified Plaintiffs of its resolve to sue"); *Chicago Ins. Co. v. Holzer*, No. 00-cv-1062, 2000 WL 777907, at *3 (S.D.N.Y. June 16, 2000) (first-filed suit was an anticipatory filing when the notice letter stated a specific jurisdiction and gave a 48-hour deadline); *Mondo, Inc. v. Spitz*, No. 97-cv-4822, 1998 WL 17744 (S.D.N.Y. Jan. 16, 1998) (first-filed suit was anticipatory when notice letter stated a specific venue); *Factors Etc.*, 579

F.2d at 217-19 (finding that demand letter stating party would be "subject to a lawsuit for injunctive relief, damages and an accounting" unless they discontinued infringing sales was sufficient notice-of-suit to defeat first-to-file rule).

Summarizing the law in this area, this Court has observed: "When a notice letter informs a defendant of the intention to file suit, a filing date, and/or a specific forum for the filing of the suit, the courts have found, in the exercise of discretion, in favor of the second-filed action." *Cephalon*, 935 F. Supp. 2d at 614 (internal punctuation and citation omitted).  Moreover, "*[w]here courts have entertained a declaratory action despite the plaintiff's receipt of pre-suit correspondence, all three indicia of impending litigation have been absent*." *Id.* (emphasis added).

The facts here require the New York Action to be dismissed, or at a minimum, stayed pending the resolution of the Oregon Action.  Indeed, all three indicia of impending litigation clearly were manifestly present when Cougar Sport filed this action in an attempt to preempt adidas's Oregon Action.  The letter that adidas sent to Cougar Sport on September 22, 2015 plainly informed Cougar Sport of adidas's intention of filing suit.  It gave a ten-day deadline for doing so.  And it enclosed a courtesy copy of the complaint, which identified the District of Oregon as adidas's choice of forum.  *See* Hooker Decl., Ex. A.

In *Factors Etc.*, the Second Circuit found the declaratory judgment action at issue to be anticipatory where a demand letter said the recipient would be "subject to a lawsuit for injunctive relief, damages and an accounting" unless it discontinued the objectionable conduct.  *See Factors Etc.*, 579 F.2d at 217-19; *see also CGI Solutions*, 2005 WL 3097533, at *3 - 4 (notice letter stated sender "may file a lawsuit seeking injunctive relief and civil damages").  adidas's notice was far more firm, clear, and imminent. It clearly explained that "if [adidas did] not

receive a satisfactory response within ten (10) days of [Cougar Sport's] receipt of [the demand] letter, [adidas] will take *immediate* action to protect the rights of adidas, including filing the enclosed lawsuit . . . ."  *See* Hooker Decl. ¶ 7, Ex. A (emphasis added).  If that were not enough, Cougar Sport had the very lawsuit adidas intended to (and did) file when Cougar Sport filed the New York Action.  Accordingly, Cougar Sport's filing was indefensibly anticipatory, and thus must be dismissed or stayed.  *See Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1192-94 (C.D. Cal. 2006) ("where a declaratory judgment action has been triggered by a cease and desist letter that both seeks settlement and notifies the party of the possibility of litigation upon collapse of negotiations, equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first") (internal punctuation and citations omitted).

**B.**      **The New York and Oregon Actions Mirror One Another**

The New York Action also should be dismissed or stayed because it addresses the same controversy as the Oregon Action, the parties to the actions are the same, and Cougar Sport will not be prejudiced by litigating its claimed laches defense in the Oregon Action.  During the parties' October 2, 2015 telephone conference with the Court, Cougar Sport claimed the New York and Oregon Actions were not the same because the New York Action seeks only a declaration regarding Cougar Sport's laches defense.

Cougar Sport's position is wholly unavailing for two reasons.  First, the claims adidas asserts in the Oregon Action would be compulsory counterclaims in the New York Action; and, Cougar Sport obviously could assert laches in the Oregon Action.  No amount of gamesmanship by Cougar Sport can obscure the fact that the two actions address the same controversy between the same parties.

Second, "[t]he anticipation of defenses is not ordinarily a proper use of the declaratory judgment procedure [because i]t deprives the plaintiff of his traditional choice of forum and

timing, and it provokes a disorderly race to the courthouse." *Hanes Corp.*, 531 F.2d at 592-93; *see also* Wright & Miller, "Effect of Another Adequate Remedy," 10B *Fed. Prac. & Proc.* § 2758 (3d ed.) ("[I]it is not the function of the federal declaratory action merely to anticipate a defense").  In other words, the very fact that Cougar Sport *only* asserts a laches *defense* in the New York Action illustrates its impropriety and is a reason it should be dismissed or stayed.  *See Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004) ("Declaratory judgment actions brought in the face of clear threats of suit and seeking determinations that no liability exists will be closely scrutinized as potentially improper anticipatory filings if the other party proceeds to file.").

### C.    The Oregon Action Seeks Coercive Relief And Is Ahead Of This Action

The New York Action should be dismissed or stayed for two additional related reasons.  First, although the Oregon Action was filed one day later than the New York Action, it has progressed more quickly than the New York Action.  adidas effectuated service of its Oregon Action on Cougar Sport on October 1, 2015, four days before Cougar Sport served adidas on October 5, 2015.  *See* Hooker Decl. ¶ 12.  Furthermore, adidas filed a Motion to Enjoin in the District of Oregon on October 6, 2015.  *Id.* ¶ 13, Ex. H.  These facts favor allowing the Oregon Action to proceed.  *See Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 103 S.Ct. 927, 940 (1983) ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."); *Pippins v. KPMG LLP*, No. 11-cv-377, 2011 WL 1143010, at *4 (S.D.N.Y. Mar. 21, 2011) (the strength of the first-filed presumption "is diminished where there has been little progress in the first-filed action").

Second, courts have long recognized that the most efficient means of resolving disputes is to allow the action seeking coercive relief to proceed to judgment instead of an anticipatory

declaratory judgment action.  *See Reliance Ins. Co. v. Bend'n Stretch, Inc.*, 935 F. Supp. 476, 478 (S.D.N.Y. 1996) ("If a court finds that a declaratory judgment action was brought in anticipation of the coercive suit for the purpose of gaining 'home field advantage,' the coercive suit is given precedence") (citation omitted).  "In fact, the misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action."  *Great Am. Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581, 586 (S.D.N.Y. 1990).  Put differently, where parallel cases "involve a declaratory judgment action and a mirror-image action seeking coercive relief" the court should "ordinarily give priority to the coercive action, regardless of which case was filed first."  *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010) (citing *Trippe Manufacturing Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995)) (affirming dismissal of first-filed declaratory judgment action in favor of later-filed coercive action); *Tempco Electric Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987) (finding that the "mere fact" that a plaintiff filed its action first "does not give it a 'right' to choose a forum"); Wright, Miller & Kane, 10B *Federal Practice and Procedure: Civil* 3d § 2751, 455 (1998) (traditional concept of judicial process has been that courts may act only when a complainant is entitled to a "coercive remedy," such as a judgment for damages).

Here, adidas's Oregon Action seeks, *inter alia*, damages, an injunction, an equitable accounting of profits, and an award of attorneys' fees.  The New York Action, by contrast, merely seeks declaratory relief based solely on an affirmative defense.  Accordingly, this Court should dismiss or stay the New York Action in favor of allowing the Oregon Action to proceed to judgment.

### D.    Cougar Sport's July 28, 2015 Letter In No Way Justifies Its Filing Of The New York Action

Cougar Sport has argued during a telephone call with the Court that its president's July 28, 2015 letter to an adidas employee somehow excuses its anticipatory filing or changes the present analysis.  It does not.  That letter did nothing more than: explain to adidas that Cougar Sport has a design it calls "2 pipe/2 stripe"; observe that an adidas employee purchased Cougar Sport products from Amazon; and provide adidas "with three representative garments."  Indeed, the closing paragraph of the letter acknowledges that Cougar Sport did not believe any dispute existed and had no intention of filing a lawsuit.  Specifically, it stated, "[w]e have both existed in the marketplace for over three decades without any known instances of mistake by customers, *so I assume your interest was merely for due diligence.*"  *See* Hooker Decl., Ex. I.

Cougar Sport cannot reasonably argue it would have filed suit if adidas had not sent its cease and desist letter on September 22, 2015.  Restated, *but for* adidas's demand letter and draft District of Oregon Complaint, Cougar Sport would not have filed the New York Action.  Such a filing is a textbook example of an anticipatory action.

### E.    Cougar Sport Should Not Be Rewarded For Its Bad Faith Forum Shopping

Cougar Sport's anticipatory action further should be dismissed or stayed because it violates clear principles of judicial economy and public policy.  *Elbex Video, Ltd. v. Tecton*, Ltd., No. 00-cv-0673, 2000 WL 1708189, at *2 (S.D.N.Y. Nov. 15, 2000) (describing anticipatory declaratory judgment actions as "contrary to any public policy favoring settlement"); *Eveready Battery Co. v. Zinc Prods. Co.*, 21 F. Supp. 2d 1060, 1062 (E.D. Mo. 1998) ("As a matter of public policy, potential plaintiffs should be encouraged to settle their claims out of court without fear that they will lose the opportunity to pick their forum should the negotiations fail."); *Schwendiman Partners, LLC v. Hurt*, 71 F. Supp. 2d 983, 987 (D. Neb. 1999) (granting motion

to dismiss first-filed action, and holding that a natural plaintiff should not be penalized for attempting to resolve disputes amicably).

As this Court long ago stated:

> Potential plaintiffs should be encouraged to attempt settlement discussions (in good faith and with dispatch) prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing before plaintiff files an *already drafted complaint*.

*Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 747-48 (S.D.N.Y. 1977), *aff'd*, 573 F.2d 1288 (2d Cir. 1978) (emphasis added).

As in these cases, adidas's good faith effort to pursue an amicable settlement with Cougar Sport, coupled with adidas's clear communication of its intent to sue absent a resolution, militate in favor of dismissing or staying the New York Action.  adidas sent its demand letter to Cougar Sport in good faith on September 22, 2015, with the dual goal of amicably resolving this matter and putting Cougar Sport on notice of adidas's intention to file suit (in the District of Oregon) if such a resolution could not be reached within ten days.  adidas even went so far as to enclose a courtesy copy of the complaint it intended to file in the District of Oregon if adidas did not receive a satisfactory response to its demands.  Clearly, adidas was in position to file suit in the District of Oregon on September 22, 2015, but withheld in hopes of resolving its claims without resorting to litigation.

adidas should not be penalized for this conduct—which is in the interests of sound public policy and judicial economy—by allowing Cougar Sport to usurp adidas's choice of forum.

> Indeed, the procedure followed by [adidas] and [its] attorneys is commendable. As federal court calendars become increasingly burdened, attorneys should exercise a corresponding increased responsibility to attempt to resolve disputes without using limited judicial resources to decide issues which might, by responsible discussions between reasonable people, be settled out of court.

*Columbia Pictures*, 435 F. Supp. at 747.  "If this action were given priority, the Court would be sanctioning procedural gamesmanship . . . ."  *Hartford Acc. & Indem. Co. v. Hop-On Int'l Corp.*, 568 F. Supp. 1569, 1573 (S.D.N.Y. 1983).  *See also Riviera Trading Corp. v. Oakley, Inc.*, 944 F. Supp. 1150, 1158 (S.D.N.Y. 1996) (allowing later-filed California action to proceed, and finding that plaintiff's "filing of this action on June 5, 1996, rather than responding to Oakley's recent letter of May 8, indicates that Riviera's New York filing was motivated in part by forum shopping").

**F.    The District Of Oregon Is The More Convenient Forum, And Cougar Sport Will Not Be Prejudiced By Proceeding There**

A court may refuse to apply the first-to-file rule if the convenience of the parties and the interests of justice weigh in favor of the second-filed action.  *E.g.*, *Columbia Pictures*, 435 F. Supp. at 747 ("[I]t would create disincentives to responsible litigation if Columbia were allowed to prevent Schneider et al. from litigating in the forum of their choice by having won the race to the courthouse by six days"; staying first-filed action).  Here, Oregon is a more convenient forum because:  (i) all of adidas's witnesses and documents reside in Oregon, *see* Vanderhoff Decl. ¶ 21; (ii) adidas's enforcement history plainly shows that the District of Oregon is its venue of choice, *id.* ¶ 20; and (iii) Cougar Sport's complaint against adidas does not even arise from contacts adidas has had with New York, but arises instead from Cougar Sport's own infringing activities conducted in New York and aimed at Oregon and everywhere it sold its infringing apparel, *see* ECF No. 1.  *See*, *e.g.*, *Riviera Trading Corp.*, 944 F. Supp. at 1159 (allowing California action to proceed instead of first-filed New York action where "[t]he witnesses and documentary evidence pertaining to the [defendant's] patents at issue in this action are located in California").

Moreover, because adidas America, Inc. is headquartered in Oregon and has suffered the injuries inflicted by Cougar Sport there, the Oregon Action should proceed. *See*, *e.g.*, *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 678 (9th Cir. 2012) ("the harm caused by an infringement of the copyright laws must be felt at least at the place where the copyright is held"); *Byrd v. Parsons*, 289 F.3d 865, 876 (6th Cir. 2002) (holding that injury occurs to trademark owner in the state where it resides).  adidas, not Cougar Sport, is the injured party, and, as the true plaintiff, adidas should be allowed to select the appropriate forum to adjudicate the parties' dispute. *See William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 180 (2d Cir. 1969) (enjoining the first-filed action and finding "not very persuasive" the first-filed plaintiff's convenience arguments).  Thus, based on the convenience of the parties and the interests of justice, the Oregon Action should proceed, and Cougar Sport's improper and anticipatory action should be dismissed or stayed.

## III.    CONCLUSION

For the foregoing reasons, adidas respectfully requests that this Court dismiss the New York Action or, alternatively, stay this action pending the resolution of the Oregon Action.

Dated: October 7, 2015

        New York, New York

                                    */s/ Robert Potter*
                                    Robert N. Potter (RP 5757)
                                    **KILPATRICK TOWNSEND &**
                                    **STOCKTON LLP**
                                    1114 Avenue of the Americas, 21st Floor
                                    New York, New York 10036
                                    Phone:  (212) 775-8700
                                    Fax:  (212) 775-8815

Charles H. Hooker III (*pro hac vice* application to be submitted)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530
Phone: (404) 815-6500
Fax: (404) 815-6555

*Attorneys for adidas*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 7, 2015, I electronically filed foregoing Memorandum of Law in Support of adidas's Motion to Dismiss, or, in the Alternative, Stay with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated:  October 7, 2015

                                                      */s/ Robert Potter*            
                                                      Robert N. Potter

                                                      *Attorney for adidas*