UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

| | |
|---|---|
| COUGAR SPORT, INC., <br>                 Plaintiff, <br><br> vs. <br><br> ADIDAS AMERICA, INC. and ADIDAS AG, <br>                 Defendants. | Civil Action No.   1:15-cv-07676 <br><br> **DECLARATION OF WILLIAM M. FRANK IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER** |

------------------------------------------------------------- x

I, WILLIAM M. FRANK, declare:

1. My name is William M. Frank. I am over the age of twenty-one, I am competent to make this Declaration, and the facts set forth in this Declaration are based on my personal knowledge and experience.

2. I am an Associate Attorney with the law firm of Amster, Rothstein & Ebenstein, LLP, counsel for Cougar Sport, Inc.

3. On Thursday, October 1, 2015, Adidas filed its Complaint against Cougar Sport in the state of Oregon, and advised Cougar Sport that if it did not withdraw its New York Complaint, Adidas would file a motion to dismiss in New York by the close of business the next day.

4. On Friday, October 2, 2015, following Judge Rakoff's Individual Rules of Practice, counsel for Adidas held a teleconference with counsel for Cougar Sport and Judge Rakoff's Chambers, in order to obtain permission to file the present Motion.

5. In that teleconference, counsel for Adidas refused to accept service on behalf of adidas AG, necessitating the use of the Hague Service Convention.

6. On Monday, October 5, 2015, in a followup teleconference, Adidas received permission to file its motion, and further specifically asked for an accelerated schedule, with its initial motion to be filed by October 7, 2015, and oral argument set for October 28, 2015.

7. Attached hereto as Exhibit A is a true and correct copy of Adidas's Motion to Enjoin this proceeding, filed October 6, 2015 in the District Court for the District of Oregon.

8. On October 12, 2015, counsel for Cougar Sport wrote to Judge Rakoff as well as Judge Michael Simon in Oregon, requesting guidance concerning the potential contradiction resulting from the two cases in New York and Oregon.

9. On October 13, 2015, counsel for both parties were told in a teleconference that oral argument in New York was reset to October 22, 2015.

10. Attached hereto as Exhibit B is a true and correct copy of an article written for Business Insider, dated September 28, 2014, outlining Adidas's plans to open a creative studio in Brooklyn, New York.

11. Attached hereto as Exhibit C is a true and correct copy of the web page for the New York office of Perkins Coie LLP, which I saved from the screen when I visited the page on October 7, 2015.

12. Attached hereto as Exhibit D is a true and correct copy of the web page for the New York office of Kilpatrick Townsend & Stockton LLP, which I saved from the screen when I visited the page on October 7, 2015.

13. Attached hereto as Exhibit E is a true and correct copy of the PACER results for "Adidas" as a plaintiff in the Southern District of New York, which I saved from the screen when I visited the page on October 6, 2015.

614879.1

14.     Attached hereto as Exhibit F is a true and correct copy of the PACER results for "Adidas" as a plaintiff in Trademark matters in the Southern District of New York, which I saved from the screen when I visited the page on October 6, 2015.

15.     Attached hereto as Exhibit G is a true and correct copy of the web page describing the judges of the Southern District of New York, which I saved from the screen when I visited the page on October 6, 2015.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct.

Dated: New York, New York
October 16, 2015

By: _____
William M. Frank